## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GREGORY J. TURLEY, No. N08083,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 13-cv-00737-MJR** |
| | ) | |
| **RICHARD HARRINGTON,** | ) | |
| **SALVADORE GODINEZ,** | ) | |
| **DAVID REDNOUR,** | ) | |
| **TY BATES,** | ) | |
| **SHANNIS STOCK,** | ) | |
| **MICHAEL ATCHISON,** | ) | |
| **ALEX JONES,** | ) | |
| **KIM BUTLER,** | ) | |
| **BRAD THOMAS,** | ) | |
| **RICHARD PAULTER,** | ) | |
| **JOSEPH COWAN,** | ) | |
| **KEVIN HIRSCH, and** | ) | |
| **UNKNOWN PARTIES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Gregory J. Turley, an inmate housed at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

Plaintiff takes issue with the prison being repeatedly placed on lockdown without penological justification, and the amount of time he has been given for out-of-cell exercise. He contends that lockdowns are too often imposed unnecessarily, sometimes even just to accommodate staff vacation days that are dictated by union contract, and/or to save money on staffing. For similar reasons, Plaintiff takes issue with the number of out-of-cell opportunities he is afforded for exercise, the amount of exercise he is afforded vis-à-vis similarly situated inmates

who also have prison jobs, and the cancellation of exercise periods in order to accommodate staff

scheduling.

This case is now before the Court for a preliminary review of the complaint

pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The claim of

entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557.

Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept

factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual

allegations may be so sketchy or implausible that they fail to provide sufficient notice of a

plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts

"should not accept as adequate abstract recitations of the elements of a cause of action or

conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se*

complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, during the five and a half years since Plaintiff arrived at Menard in January 2008, the facility has been on lockdown for two years and eight months. Just in the last two and a half years, Menard has been on lockdown on 24 separate occasions, for a total of 418 days.   As a result, Plaintiff's physical and mental health have suffered.  Plaintiff contends that his physical and mental ailments have been further impacted because he is allotted only two out-of-cell exercise periods per week (eighth two-hour periods per month).  When an exercise period is cancelled, the period is not rescheduled, thereby denying him adequate exercise and amounting to cruel and unusual punishment in violation of the Eighth Amendment. Consequently, when exercise periods are cancelled, Plaintiff views this as the imposition of punishment without due process, in violation of the Fourteenth Amendment.   Plaintiff specifically asserts that there was a conspiracy among prison officials and the guards' union to put the prison on "holiday schedule" on July 12, 2013, to accommodate the Menard Employee Golf Tournament and permit themselves to have a "leisurely, paid day off," thereby depriving Plaintiff of a scheduled exercise period on what turned out to be a lovely 85 degree day. Furthermore, Plaintiff claims he has been denied the equal protection of the laws (under a "class-of-one" theory) in comparison to other similarly situated general population inmates who have prison jobs and thus are permitted out of their cells for 8-12 hours per work day, and who are also allotted two hours of out-of-cell exercise six days per week.

Based on a very liberal reading of the specific and general allegations in the complaint, the Court finds it convenient to divide the *pro se* action into four counts.  The parties

and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

Where Plaintiff has specified which defendants were involved in which claim, the Court has adhered to those designations, and where no defendants are linked by name to a particular claim, the Court has considered the claim to be against all defendants, as the complaint as a whole describes a collective intent.  Whether the required personal involvement can be established for individual liability remains to be seen.

| | |
|---|---|
| **Count 1:** | **Between January 10, 2011 and June 11, 2013 (and as a continuing violation), Defendants Godinez, Bates, Rednour, Atchison, Harrington, Stock, Butler, Jones, Thomas, Cowan, Brown, Hirsch, and unidentified "major shift commanders" and IDOC employees, individually and/or in conspiracy, imposed cruel and unusual punishment upon Plaintiff when they placed Menard on lockdown without penological justification, in violation of the Eighth Amendment;[1]** |
| **Count 2:** | **Between January 2008 and June 2013 (and as a continuing violation), all Defendants, individually or in conspiracy, punished Plaintiff in violation of the Eighth Amendment by cancelling out-of-cell exercise periods for non-penological reasons;** |
| **Count 3:** | **Defendants Atchison, Harrington, Butler, Jones, Hirsch, and unidentified "major shift commanders" and IDOC employees who participated in the Menard Employee Golf Tournament, individually and/or in conspiracy, denied Plaintiff out-of-cell exercise on July 12, 2013, for non-penological reasons, in violation of the Eighth Amendment and Due Process Clause of the Fourteenth Amendment;** |

---

[1] In the narrative portion of the complaint "Gaetz" and "Spiller" are characterized as defendants, but they are not listed in the caption/listing of defendants.  *Compare* Doc. 1, pp. 1-2 to Doc. 1, p. 14, par. 23.  Federal Rule of Civil Procedure 10(a) requires that all defendants be listed in the caption of the complaint; therefore, the Court does not consider Gaetz and Spiller to be defendants.  The Court also observes that Defendant Paulter is not listed as a defendant relative to this claim (*see* Doc. 1, p. 14).

**Count 4:** **Between January 2008 and June 2013 (and as a continuing violation), Defendants Godinez, Atchison, Harrington, Butler, Jones, and other unidentified individuals, individually and/or in conspiracy, denied Plaintiff the equal protection of the laws in violation of the Fourteenth Amendment, when they did not afford Plaintiff the same opportunities for out-of-cell exercise as similarly situated inmates Scot Miller and Donzell Harris, who had work assignments.**

Introductory remarks in the complaint indicate that claims under the First, Eighth and Fourteenth Amendments would be presented. However, the Court does not construe the complaint as presenting a First Amendment claim. At best, the allegations underpinning Count 1, the general claim regarding unnecessary lockdowns, contains an assertion that the defendants exaggerate their responses to minor security-related events, "to invoke a retaliatory psychological 'message' … as punishment for any particular incidents of lockdown at the Menard facility" (Doc. 1, pp. 15-16, par. 30). This assertion does not implicate a protected right upon which a First Amendment retaliation claim can be premised. Therefore, the Court did not create a "straw man" merely to knock it down.

## Discussion

As a preliminary matter, the Court observes that—as noted in the complaint—Plaintiff has another action pending in this Court that asserts claims of a continuing Eighth Amendment violation and conspiracy regarding the lockdowns at Menard: *Turley v. Rednour*, No. 10-cv-00789-MJR (S.D. Ill. Oct. 12, 2010). The Court of Appeals for the Seventh Circuit recently reviewed that case and remanded it for further proceedings, recognizing colorable Eighth Amendment and conspiracy claims premised upon many of the same allegations and against some, but not all of the same defendants as in this action. *See Turley v. Rednour*,

__F.3d__, 2013 WL 3336713 (7th Cir. July 3, 2013).  Whether consolidation of these two cases is warranted is not within the ambit of Section 1915A.

The Court has read the present complaint liberally and will permit all claims to proceed, based on the well-recognized principle that "[l]ack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996).  Substantively, Plaintiff's due process claim is essentially redundant of his Eighth Amendment claim.  See *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (claims are to be analyzed under the most explicit sources of constitutional protections) (citing *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989)).

## Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) will be decided by separate order.  However, for purposes of effecting service of summons at government expense under 28 U.S.C. 1915(d), the Court concludes that Plaintiff cannot afford to effect service of summons and the complaint.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 1-4** shall proceed against Defendants **HARRINGTON**, **GODINEZ**, **REDNOUR**, **BATES**, **STOCK**, **ATCHISON**, **JONES**, **BUTLER**, **THOMAS**, **PAULTER**, **COWAN**, **HIRSCH** and **UNKNOWN DEFENDANTS**.

The Clerk of Court shall prepare for Defendants **HARRINGTON**, **GODINEZ**, **REDNOUR**, **BATES**, **STOCK**, **ATCHISON**, **JONES**, **BUTLER**, **THOMAS**, **PAULTER**, **COWAN** and **HIRSCH**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a

Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 16, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**